# Court of Appeals
# of the State of Georgia

ATLANTA, July 01, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0607. JAMES BENNETT v. CAMDEN SUMMIT PARTNERSHIP, LP.

Camden Summit Partnership, LP ("CSP") filed a dispossessory action against James Bennett in the Magistrate Court of Fulton County. On June 22, 2026, Bennett filed this application for discretionary review. However, the application materials only include (1) a July 10, 2025 standing order from the magistrate court regarding motions to compel payment of rent into the court registry, and (2) CSP's June 12, 2026 motion to compel payment of rent into the court registry.

"[T]he only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023) (citation and punctuation omitted). Under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b). Therefore, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court.

However, we decline to transfer the instant application for two reasons. First, the application is untimely as to the July 10, 2025 standing order, because it was filed nearly one year after entry thereof, and the deadlines for filing discretionary applications are jurisdictional. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516–17 (915 SE2d 91) (2025); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335–36 (715 SE2d 752) (2011). Second, the

application is improper as to the June 12, 2026 motion, because the motion does not constitute a ruling from the magistrate court. See *North Fulton Cmty. Charities v. Goodstein*, 367 Ga. App. 576, 588(2) n.7 (887 SE2d 646) (2023) ("This is a [C]ourt for the correction of errors of law made by the trial courts, and an error of law has as its basis a specific ruling made by the trial court. In the absence of such a specific ruling, there is nothing for us to review."). Thus, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __07/01/2026_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*